| NAME | PERIOD TO    FROM | BACK WAGES | LIQUIDATED DAMAGES |
|------|------|------|------|
| Betty J. Presley | 01/29/84–03/11/84 | $ 140.88 | $ 140.88 |
| Christine Roberts | 10/16/83–02/19/84 | 26.38 | 26.38 |
| Kim Rosser | 08/21/83–10/23/83 | 209.88 | 209.88 |
| Joanne Sanchez | 12/26/82–11/27/83 | 1,346.65 | 1,346.65 |
| Alicia Shackleford | 01/08/84–03/11/84 | 201.25 | 201.25 |
| Catherine Schlabach | 01/09/83–02/19/84 | 1,474.87 | 1,474.87 |
| Billie M. Simonton | 05/29/83–03/11/84 | 321.25 | 321.25 |
| Shirley Smith | 09/11/83–03/11/84 | 619.85 | 619.85 |
| Linda Statham | 11/20/83–01/22/84 | 201.25 | 201.25 |
| Kathleen Stolz | 03/13/83–03/11/84 | 1,342.05 | 1,342.05 |
| Donna Carol Taylor | 04/10/83–10/09/83 | 622.15 | 622.15 |
| Marilyn Taylor | 01/08/84–03/11/84 | 201.25 | 201.25 |
| Melinda Taylor | 04/10/83–03/11/84 | 1,148.85 | 1,148.85 |
| Dana Whitmere | 10/30/83–03/11/84 | 886.00 | 886.00 |
| Gwin Whitmorth | 10/16/83–03/11/84 | 420.88 | 420.88 |
| Sandy J. York | 12/25/83–02/12/84 | 161.00 | 161.00 |
| **Totals** | | $25,930.78 | $25,930.78 |
| **GRANT TOTAL** | | | $51,861.56 |

Marie T. GASTON, Plaintiff,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant.

Civ. A. No. C86–1393A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 7, 1987.

James L. Ford, Ford & Haley, Atlanta, Ga., for Gaston.

Daniel Joseph, Thompson, Jr., Gregory D. Artis and Keith W. Kochler, Atlanta, Ga., for Southern Bell.

### ORDER

ROBERT H. HALL, District Judge.

Plaintiff brings this action under the Age Discrimination Act of 1967, 29 U.S.C. §§ 631–634 ("ADEA"), alleging defendant discriminated against plaintiff on account of her age by failing to promote her and provide her with pay and benefits commensurate with the work she performed. Plaintiff also brings a pendent state law claim for intentional infliction of emotional distress alleging defendant's agents and representatives embarrassed and humiliated her. Currently before the court is defendant's motion for summary judgment. For the reasons stated below, the court partially grants and partially denies defendant's motion.

### FACTS

Plaintiff is an employee of defendant and has been employed at Southern Bell since 1946. Since 1964 plaintiff has worked in Southern Bell's marketing area and since 1977 she has held the non-management title of Service Consultant.[1] Defendant's Statement of Material Facts as to Which it Contends There is No Genuine Issue, ¶¶ 1–2 ("Defendant's Facts"). *Id.*, ¶ 4. The employment benefits and wages of all Service Consultants, assuming equal time in the title, are the same regardless of age. *Id.*, ¶¶ 5–6. In addition, the job duties of all Service Consultants are comparable, regardless of age. *Id.*, ¶ 7. During the period 1979–1986, over 80 per cent of defendant's employees holding the title to Service Consultant within the Atlanta metropolitan area were younger than 40 years old. *Id.*, ¶ 47.

On September 20, 1985 plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging defendant denied plaintiff promotion because of her age. *Id.*, ¶¶ 8–9. Plaintiff identified several general management titles into which she sought to be promoted and upon which her discrimination claim is based. *Id.*, ¶¶ 15, 18. Plaintiff alleges that in the 180–day period preceeding the filing of her EEOC charge, defendant promoted employees younger than age 40 into management positions for which she was qualified.

Beginning in 1958 defendant devised a program designed to measure the extent to which non-management employees possess abilities and traits that Southern Bell deems are related to successful performance in general management positions. Affidavit of Tim Barrett ¶ 6 ("Barrett Affidavit"). The program instituted in 1958 was entitled "Personnel Assessment Program" ("PAP") and it was replaced in 1980 with a similar program entitled "Human Resources Assessment" ("HRA"), *Id.*, ¶ 4–5.

---

**1.** Plaintiff contends that the positions she held between 1964 and 1977 were identical to the service consultant position although they carried different job titles. See Plaintiff's Response to Defendant's Facts, ¶ 1.

Under defendant's personnel policy, after July 1, 1980, any employee who did not receive a favorable HRA or PAP score (3 or 4), or after November 1981, did not complete a post-HRA development program, could not be promoted to a general management title unless he or she received an assessment waiver. Defendant's Facts, ¶ 34.

Plaintiff completed a PAP assessment on October 24, 1966 and, pursuant to defendant's system of evaluation, received an overall rating of 1 or "low." *Id.*, ¶ 37. Because plaintiff did not complete a post-HRA development program [2] or receive an assessment waiver, defendant did not deem her eligible for promotion and thus, did not promote her. During the 180–day period preceeding plaintiff's filing of her EEOC charge, defendant promoted seven individuals into management positions sought by plaintiff; six of those individuals allegedly received ratings of 3 or 4 and one received an assessment waiver.[3] *Id.*, ¶¶ 38–42.

In Count I of her complaint, plaintiff claims defendant denied her promotion into management in favor of younger, less qualified employees as a result of discrimination based on age in violation of the ADEA. She seeks back pay and liquidated damages, alleging defendant willfully discriminated against her. In Count II, plaintiff alleges defendant willfully discriminated against her by paying her lower wages and benefits than younger management personnel for performing allegedly the same or substantially similar work. In Count III plaintiff brings a state law claim alleging managing agents and representatives of defendant, with defendant's knowledge, conducted themselves in a manner toward plaintiff so as to naturally humiliate and embarrass her. Further facts will be disclosed as necessary for the discussion.

## DISCUSSION

The protections of the ADEA are limited to persons over the age of 40. In order to prevail in an ADEA action, a plaintiff must first prove a prima facie case of discrimination. If she succeeds in establishing a prima facie case, thereby giving rise to a rebuttable presumption of discrimination, the burden shifts to defendant to show a legitimate non-discriminatory reason for its action. Upon such a showing by defendant, the burden shifts back to plaintiff to carry the ultimate burden of proof that she was the victim of intentional age discrimination and that defendant's profferred reasons for its actions were mere pretext for discrimination. *Pace v. Southern Railway System*, 701 F.2d 1383 (11th Cir.1983).

In order to establish a prima facie case of discrimination, a plaintiff must prove all prongs of a four-part test: (1) that she is a member of the protected group; (2) that adverse employment action was taken against her by defendant; (3) that she was replaced by a person outside the protected group; and (4) that she was qualified for the position for which she was rejected. *Id.* at 1386. The Eleventh Circuit has "repeatedly cautioned against overly strict application of the [four-part] test," however, and the underlying inquiry is "whether an ordinary person could reasonably infer discrimination from the facts shown if those facts remain unrebutted." *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435 (11th Cir.1985). A determination of whether a prima facie case has been established "turns on whether the plaintiff has presented sufficient evidence to provide a basis for an inference that age was a factor in the employment decision." *Pace, supra*, 701 F.2d at 1307.

Of course, on a motion for summary judgment, once a movant supports its mo-

---

**2.** Plaintiff contends defendant failed to advise her of the existence of the post-HRA development program until immediately prior to her filing her charge and failed to present her with the program until two months after she filed her charge.

**3.** Defendant did not present evidence of the ages of the individuals promoted. In her response brief plaintiff assumed the individuals were younger than plaintiff and wrote "Southern Bell admits to having advanced younger employees" into management positions. Plaintiff's assertion, however, is not supported by defendant's statement of facts.

tion, the adverse party "may not rest upon the mere allegations of [her] pleading," but in response "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The Supreme Court noted in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), that the standard for granting summary judgment mirrors the standard for a directed verdict. The Court held that, after adequate time for discovery, Rule 56(c) "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element ... on which that party will bear the burden of proof at trial." *Id.* 106 S.Ct at 2552–2553. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) the Court further clarified that

> at the summary judgment stage the judge's function is ... to determine whether there is a genuine issue for trial.... [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict. [cit] If the evidence is merely colorable ... or is not significantly probative, ... summary judgment may be granted.

Applying these summary judgment standards to an ADEA action, the Eleventh Circuit stated, "if on any part of the prima facie case there would be insufficient evidence to require submission of the case to a jury," summary judgement is appropriate. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

### I. *Failure to Promote Claim*

The parties do not dispute that plaintiff, who is over 40, is a member of the group protected under the ADEA. The parties also do not dispute that defendant did not promote plaintiff, thereby taking "adverse employment action" against her. Plaintiff alleges that defendant has promoted persons younger than age 40 into management positions and, although defendant does not specifically state that the seven individuals promoted during the period relevant to this action were outside the protected age group, it also does not refute plaintiff's assertion. Thus, the parties appear to agree that plaintiff can prove the first three prongs of the test for establishing a prima facie case of discrimination.

Defendant argues that plaintiff has not shown and, indeed, cannot show that she is or was "eligible" for promotion and therefore fails to prove the fourth prong of the test. Defendant submitted affidavits and other evidence setting forth its "established personnel policies" under which defendant deemed plaintiff ineligible for promotion. See Attachments 4 and 5 to Defendant's Brief in Support of its Motion for Summary Judgment; Affidavit of Virginia T. Reynolds, ¶ 19; Barrett Affidavit. Defendant suggests that because plaintiff was found to be ineligible pursuant to defendant's policies, she was not "qualified" for promotion as that term is contemplated within the ADEA and the fourth prong of the prima facie case test.

Neither party provided the court with a universally accepted definition of "qualified" within the meaning of the four-part test for establishing a prima facie case of age discrimination. In *Dorsch v. L.B. Foster Company*, 782 F.2d 1421 (7th Cir.1986), the Seventh Circuit recognized that "[t]he meaning given to the term 'qualified' depends upon the nature of the employer's business at the time the decision to offer or terminate employment is made." *Id.* at 1425. In *Dorsch* the plaintiff, by his own admissions, established that he was not qualified in the manner necessary for the business because he failed to develop new accounts "when the development of new business was part of his duties as a salesman." *Id.*

In *Mistretta v. Sandia Corp.*, 649 F.2d 1383 (10th Cir.1981), the court recognized that an employer may present subjective reasons for making an employment decision as long as the reasons are not mere cover-ups for discrimination. In *Mistretta*, however, the court noted that the plaintiffs had not been terminated primarily because of subjective reasons but rather because of their poor performance ratings. The court found that, "[a]lthough performance rat-

ings are basically objective in nature from their very character," the performance ratings at issue were inherently biased against older employees. *Id.*, 649 F.2d at 1389. Therefore the court in *Mistretta* held that the trial court had erred in finding there was no discrimination.

■ In the instant action, defendant failed to promote plaintiff allegedly because she did not satisfactorily complete Southern Bell's assessment program or receive an assessment waiver. Defendant submits that assessment ratings are made in accordance with formal guidelines and that the process is "age-neutral." Plaintiff has presented evidence that plaintiff received performance evaluations of satisfactory to more than satisfactory for the last several years, that she was commended for her good work while relieving a supervisor for a week and that between 1979 and 1986, of 202 service consultants defendant promoted to management in the Atlanta area, only 6 were over 40 years old.

Although the determination of qualification for a position turns on the nature of an employer's business, an employer may not carry out employment decisions based on seemingly objective or neutral policies when those policies may reflect inherent discrimination.[4] Given the evidence presented to the court on this motion for summary judgment, the court cannot say as a matter of law that plaintiff either was or was not "qualified" for promotion. Because plaintiff has presented evidence which could support a jury conclusion that she was qualified or that defendant's assessment program was inherently biased, the court DENIES defendant's motion for summary judgment with respect to Count I of plaintiff's Complaint.

## II. *Lower Pay/Benefits Claim*

Plaintiff contends that, in her position as a Service Consultant, she performs the same or substantially similar work as younger management personnel while not receiving pay or benefits equal to those younger managers'. Plaintiff alleges that defendant has thereby discriminated against her in the area of pay and benefits on account of her age. Plaintiff cites deposition testimony of other Southern Bell employees to support her contention that Service Consultants perform substantially similar work as higher paid managers. *See, e.g.*, Lawrence Deposition, pp. 52–65.

■ Although plaintiff appears to recognize that in order to sustain a claim under ADEA she must present some evidence showing that age was a factor in the employment decision, she fails to do so with regard to her pay/benefits discrimination claim. Evidence that Service Consultants perform substantially similar work as management employees is inapposite to her ADEA claim. Plaintiff failed to refute defendant's evidence that all Service Consultants perform comparable work and receive the same wages and benefits depending upon seniority. Plaintiff also does not dispute that the majority of all Service Consultants are under the age of 40.

In order to make out a prima facie case on her pay/benefits claim, plaintiff must show that age was a factor in Southern Bell's decision to provide her with the salary and benefits she currently receives. Even if Service Consultants perform the same or substantially similar work as management personnel, plaintiff cannot prevail on her ADEA claim unless she can show that only Service Consultants over age 40 perform such work and are paid less. Given the undisputed fact that Southern Bell treats all Service Consultants alike with regard to pay and benefits, that all Service Consultants perform comparable work, and that the majority of all Service Consultants are younger than 40 years old, plaintiff's pay/benefit claim must fail.

---

4. This court does not believe that the definition of "qualified" for purposes of proving the fourth prong of the test establishing a prima facie case of age discrimination turns on the employer's determination of *eligibility*. If this were the case, no plaintiff would be able to establish a prima facie case because even employers who have not created assessment programs or ranking systems would be able to set forth an apparently neutral scheme by which it allegedly determines "eligibility" for an employment position.

At best, plaintiff has shown that defendant made a business decision to require Service Consultants to perform managerial functions at lower pay. Plaintiff has not shown that Southern Bell included age as a factor in arriving at this decision. Indeed, the majority of people adversely affected by this business decision (Service Consultants) are younger than 40 years old. Plaintiff has not submitted any evidence to prove, nor refuted defendant's evidence disproving, the third prong of the prima facie case test. In other words, although she has shown that adverse employment action may have been taken against her with regard to pay and benefits, she has not shown that persons outside the protected group were treated more favorably or immune from the same adverse employment decision. Therefore, the court GRANTS defendant's motion for summary judgment with regard to Count II of plaintiff's complaint.

### III. *State Law Claim*

In Count III of her complaint plaintiff alleges that defendant, through its managers and representatives, conducted themselves in a manner as to naturally humiliation and embarrass her. In her response brief plaintiff argues that defendant misled plaintiff regarding the direction of her career and withheld information from her regarding her PAP assessment and right to engage in the post-HRA assessment program. Plaintiff asserts that "her age was the motivating factor for this deceitful conduct ... [which] may reasonably have caused plaintiff humiliation, embarrassment and degredation." Plaintiff's Brief in Response to Defendant's Motion for Summary Judgment, p. 29.

Under Georgia law, a plaintiff may bring an action for intentional infliction of emotional distress but "[t]he burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one...." *Bridges v. Winn–Dixie Atlanta, Inc.*, 176 Ga.App. 227, 229, 335 S.E.2d 445 (1985). "[R]ecovery for intentional infliction of emotional distress has been authorized *only* where the defendant's actions were so terrifying or insulting as to naturally hu-

miliate, embarrass or frighten the plaintiff." *Crowe v. J.C. Penney, Inc.*, 177 Ga. App. 586, 588, 340 S.E.2d 192 (1986) (emphasis supplied).

As under the ADEA, the plaintiff in an intentional infliction of emotional distress action must prove four elements of the tort in order to make out a prima facie case: "(1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; [and] (4) the emotional distress must be severe." *Bridges, supra,* 176 Ga.App. at 230, 335 S.E.2d 445 (*quoting Womack v. Eldridge,* 215 Va. 338, 210 S.E.2d 145, 147 (1974)). All four of the elements must be present in order for an action to lie. *Bridges, supra* 176 Ga.App. at 230, 335 S.E.2d 445. Georgia courts have granted summary judgment against a plaintiff who fails to present evidence of the existence of any one of the elements. *See, e.g., Bridges, supra; Crowe, supra* (in both cases the Court of Appeals affirmed the trial court's grant of defendants' motions for summary judgment).

■ In the instant action, the discovery period was extended for a total of ten months during which time the parties took several depositions and received several sets of interrogatories and requests to produce and admit. This court has reviewed plaintiff's deposition and depositions of physicians who treated plaintiff as well as other evidence submitted by the parties in conjunction with defendant's motion. The evidence elicited by both plaintiff and defendant fails to support plaintiff's claim of intentional infliction of emotional distress.

Although the court in *Bridges* noted that outrageousness in conduct might be found to exist where a special relationship (such as employer-employee) exists where one person has control over another, it also cited the Restatement for the proposition that "It must be emphasized ... that major outrage in the language or conduct complained of is essential to the tort." *Bridges, supra* at 230, 335 S.E.2d 445. In-

deed, in two cases affirmed by the Georgia Court of Appeals, the trial courts granted defendants' motions for summary judgment where the plaintiffs (employees) had been detained and questioned and given polygraph examinations by their employers. Such conduct, the courts held as a matter of law, was not extreme and outrageous enough to meet the strict test applied in an action for intentional infliction of emotional distress.

Plaintiff must also be able to show that the emotional distress she suffered was extreme and "so severe that no reasonable man could be expected to endure it.... It is for the court to determine whether on the evidence severe emotional distress can be found...." *Bridges, supra* at 230, 335 S.E.2d 445 (*quoting,* Restatement (Second) Torts, § 46(1), comment j). In *Bridges* the Court of Appeals affirmed the lower court's finding that there had been no showing of severe emotional distress suffered beyond conditions typical of multiple sclerosis.

In the instant action, the alleged conduct by defendant of which plaintiff complains (deception based on discriminatory attitudes toward age) is not so extreme and outrageous as to support a claim for intentional infliction of emotional distress. Moreover, plaintiff fails to provide evidence that the distress she has suffered is extreme and severe. While plaintiff notes that she has seen physicians for headaches, exhaustion and high blood pressure, the physicians in each case suggested that her conditions were typical of either menopause or hereditary tendencies.[5] Plaintiff's evidence of defendant's extreme and outrageous conduct and her severe emotional distress is, at best, "merely colorable ... [and] is not significantly probative," *Anderson v. Liberty Lobby, supra* 106 S.Ct. at 2511. Therefore, the court GRANTS defendant's motion for summary judgment with regard to Count III of plaintiff's complaint.

## CONCLUSION

Genuine issues of fact remain for trial on Count I of plaintiff's Complaint. Plaintiff failed, however, to present sufficient evidence to counter defendant's motion for summary judgment on Counts II and III. Therefore, the court DENIES defendant's motion for summary judgment with regard to Count I of plaintiff's Complaint and GRANTS defendant's motion with regard to the remaining counts, hereby DISMISSING Counts II and III from her complaint. The only issue which remains for trial is whether defendant discriminated against plaintiff on the basis of age by failing to promote her into a management position.

---

**5.** Plaintiff argues that she does not need to prove her distress through physician's testimony. She cites Ga. Off'l Code Ann. § 51–12–6 to support this assertion. The Code section she cites, however, does not establish a cause of action for injury to peace, happiness or feelings of the plaintiff. *Sanders v. Brown,* 178 Ga.App. 447, 448, 343 S.E.2d 722 (1986). Her cause of action can only be for intentional infliction of emotional distress and to prevail she must prove extreme and severe emotional distress.